UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVA MAE HERON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:08-CV-800 CAS |
| | ) |
| SBC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Eva Mae Heron for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must

also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks unspecified monetary damages in this action against SBC, Cingular Wireless LLC, and AT&T. Plaintiff alleges that she has "complained of continuous problems with [her] home phone," that the solutions offered by "the phone company" have failed to resolve the issues, that she has been "continuously harassed by customer service," and that Cingular has not forwarded to her the 2008 itemized statements.

At the outset, the Court notes that plaintiff has failed to state the specific jurisdictional grounds for filing this action in federal court.[1] To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, the statutory provision governing federal diversity jurisdiction, subject matter jurisdiction does not exist. Plaintiff has failed to assert diversity of citizenship and/or that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Moreover, plaintiff does not claim that the instant action arises under the Constitution, laws, or treaties of the United States. Thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Lastly, plaintiff does not allege, nor does it appear, that defendants are state actors, and thus, there can be no cause of action under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Eva Mae Heron's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

---

[1] On page one of her complaint, plaintiff states that her ground filing this case in federal court "is to confront Southwestern Bell, Cingular & AT&T concerning resolution of my phone bill, and thereby bring closure to an ongoing disturbing situation." [Doc. 1]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff Eva Mae Heron's motion for appointment of counsel is **DENIED** as moot. [Doc. 4]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

*/s/ Charles A. Shaw*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___17th___ day of June, 2008.